The principle, upon which the Courts of Equity have proceeded, in establishing the lien of the vendor on the land, in the nature of a trust for the purchase-money, is, that a person having got the estate of another ought not in natural justice and conscience, as between them, to be allowed to keep it and not pay the consideration money. A third person, upon like principles, having full knowledge how the estate has been obtained, ought not to be permitted to keep it, without making such payment, for it attaches equally to him as a matter of conscience and duty. It would otherwise happen that the vendee might put another person into a predicament better than his own, with full knowledge of the facts. 2 Story Equity, 465; Cross on Lien, 89. This equitable mortgage will bind the vendee and his heirs and volunteers, and all other purchasers from the vendee with notice of the existence of the vendor's equity. 4 Kent Com., 152 (3 ed.). Lord Eldon says, that the doctrine was borrowed from the Roman or civil law. McKreth v. Symmons, 15 Ves., 329. It has been adopted, I expect, by all the States in this Union which has a separate Court of Chancery. Virginia, New York, Indiana, Ohio, Tennessee and South Carolina, we know, have adopted the rule. We see the authorities all collected at the foot of the page. 4 Kent Com., 152. There is no decision or printed dictum in this State against the doctrine; butWynne v. Alston, 16 N. c., 416, has, ever since its determination, been considered by the profession as establishing in this State this rule, which all admit is founded upon natural equity. C. J. RUFFIN admits that the rule of equity of the English Courts would come within our act of assembly, adopting so much of the laws of England, etc., and that we would be bound to obey it, if it was not virtually repealed by our legislation in favor of creditors, and particularly by our registry laws. Our registry acts make void unregistered mortgages and deeds in trust only against (193) bona fide creditors and bona fide purchasers for a valuable consideration. As against all the rest of the world the mortgage or trust is good without registration, at common law or in equity. Now it is admitted that the defendant, Blake, is but a volunteer, and it must follow, I think, that he is not such a purchaser as the Legislature intended to protect by the registry acts; and it is equally true that the creditors of Battle, who are here represented by Blake, as their trustee, are not those bona fide creditors which the Legislature meant (from motives of rigid policy and against the rule of natural justice), should be satisfied their debts out of the plaintiff's landed estate, because the plaintiff's lien or equitable mortgage was not registered. The decision will destroy *Page 149 
the right which legatees had of marshalling the assets against the heirs acquiring the estate by descent, and to stand in the place of the vendor of the land, and set up his lien, so far as to have them satisfied out of the personal effects of the vendor. Sproull v. Prior, 8 Sim., 189. It does seem to me that the plaintiff is entitled to a decree in his favor.